IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VIOLET M. GREGG,

           Plaintiff,

v.                                    CIVIL ACTION NO. 2:05-cv-00773

SELECT PORTFOLIO SERVICING, INC.,
formerly known as Fairbanks Capital Corp.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is the plaintiff's motion to remand this case to the Circuit Court of Lincoln County, West Virginia [Docket 9]. For the reasons explained herein, the motion is **GRANTED**.

*I. Background*

    In May 1999, the plaintiff, Ms. Violet M. Gregg, refinanced her home with CrossLand Mortgage Corporation. (Compl. ¶ 4a.) Ms. Gregg, a 72-year old widow, financed $29,553.02 at 9.564% for fifteen years, which resulted in monthly payments of $368.38. (*Id*. ¶ 4b.) The defendant, Select Portfolio Servicing, Inc., acquired the servicing rights on the plaintiff's loan from CrossLand in 2002. (*Id*. ¶ 5.)

    In 2004, Ms. Gregg suffered a ruptured gall bladder and underwent surgery. (*Id*. ¶ 6.) She remained in the hospital for a month following the surgery and was then bedridden at her home for two months because of pneumonia. (*Id*. ¶¶ 6–7.) Ms. Gregg fell behind on her mortgage payments

during her illness. (*Id.* ¶ 8.) During the next year and a half, the plaintiff alleges that the defendant engaged in predatory lending practices. (*Id.* ¶¶ 9–20.) Specifically, the plaintiff contends the defendant breached its duty of good faith and fair dealing by instructing the plaintiff to sign a forbearance agreement without explaining it, failing to send the plaintiff monthly statements on four occasions, and charging "unauthorized and bogus fees" to the plaintiff's account. (*Id.* ¶ 23.) The plaintiff contends the defendant engaged in illegal debt practices in violation of West Virginia Code section 46A-2-124(a) by using tactics based on threats and harassment. (*Id.* ¶ 27.) The plaintiff also contends the defendant added numerous charges to the plaintiff's account other than bonafide late fees in violation of West Virginia Code sections 46A-3-112 and 46A-3-115. (*Id.* ¶¶ 31–32.)

The plaintiff filed her Complaint in the Circuit Court of Lincoln County on August 16, 2005. The defendant removed the action to this court on September 19, 2005, pursuant to 28 U.S.C. § 1441. The defendant based removal on diversity jurisdiction. (Pet. for Removal 2.) The plaintiff then filed the pending motion to remand on October 26, 2005. Because the requirements for diversity jurisdiction clearly are not met, the court **GRANTS** the plaintiff's motion to remand.

*II. The Requirements of Diversity*

An action may be removed from state court to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(b) (2000). The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). For an action to be brought originally in federal court because of diversity, the court must find that the "matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332 (2000).

Although there is no question that the plaintiff and defendant are diverse, the dispute must be in excess of $75,000 for this court to entertain jurisdiction. This court has adopted a preponderance of the evidence standard for making this calculation. *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). The defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 to remove a case to federal court. To determine the amount in controversy, the court will consider the judgment that would be entered if the plaintiff prevailed on every part of the case at the time of removal. *Id*. at 886. The court may examine the entire record, but the face of the complaint is the starting point of this analysis. *Id.* at 887. In this case, the complaint is seeking a declaratory judgment, actual and punitive damages, attorneys' fees, and statutory damages under the West Virginia Consumer Credit and Protection Act.

### *III. The Amount in Controversy Does Not Exceed $75,000*

The complaint was filed based on the defendant's allegation that the plaintiff was failing to make monthly payments on her mortgage. Since January 2005, the defendant has sent the plaintiff statements requesting that the plaintiff pay approximately $800 per month to catch up on her delinquent payments. (Compl. ¶ 18.) The value of the entire mortgage is only $29,653.02. The defendant, however, has attempted to persuade the court that the plaintiff is seeking an amount in excess of the requisite amount by claiming that the plaintiff has plead at least forty-three violations of the West Virginia Consumer Credit and Protection Act. (Mem. Supp. Def.'s Resp. to Pl.'s Mot. to Remand 4.) Under this act, each violation can yield statutory damages of $3,900. W. Va. Code §§ 46A-5-101(1), 46A-5-106 (2004). The plaintiff, however, contends that she pleads no more than six statutory violations, which results in a potential recovery far below the requisite amount in

controversy for diversity jurisdiction. (Pl.'s Rep. Mem. Supp. Mot. to Remand 1.) After carefully reviewing the specific allegations the plaintiff is making, the court finds the defendant's calculation of the number of possible violations to be completely unrealistic. The court agrees with the plaintiff's opinion that the Complaint pleads no more than six separate violations.

The defendant also contends that the plaintiff's request for attorneys' fees and punitive damages must be considered in calculating the amount in controversy. The defendant correctly states that the plaintiff's stipulation in the Complaint that damages do not exceed $74,900 does not have the same effect of a binding, pre-removal stipulation signed by counsel and the client that limits recovery. The preponderance of the evidence, however, does not support a finding that the requisite amount in controversy is satisfied. Based upon the entire record, the defendant has failed to prove that it is more likely than not that the amount in controversy is greater than $75,000.

## *IV. Conclusion*

Succinctly stated, the defendant's arguments for removal push the boundaries of reasonableness. To agree with the defendant's arguments, the court would have to dramatically change the way the amount in controversy is calculated. After reviewing the entire record, the court **FINDS** that this removal was improper and **GRANTS** the plaintiff's motion to remand.

Because the court **FINDS** that the defendant's arguments in favor of removal were borderline unreasonable, the court **ORDERS** that the defendant pay the just costs and accurate expenses of the plaintiff's in defending removal pursuant to 28 U.S.C. § 1447(c). These expenses include the plaintiff's attorneys' fees in the matter. The court directs counsel for the plaintiff to file within 10 days, in this court, an accounting for time spent and the rate charged for fees incurred in this matter.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       November 17, 2005

                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE